IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SAUL MIGUEL ROSALES ARANDA,<br><br>*Petitioner*,<br><br>V.<br><br>WARDEN, IAH Secure Adult Detention Facility; SECRETARY, Department of Homeland Security; DIRECTOR, U.S. Immigration and Customs Enforcement,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00633<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Saul Miguel Rosales Aranda (Rosales Aranda)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Rosales Aranda is a Mexican national who entered the United States in 1999. [Dkt. 1 at ¶ 1]. United States Immigration and Customs Enforcement (ICE) detained Rosales Aranda on January 7, 2026, following a routine traffic stop. *Id*. at ¶ 2. An immigration judge denied Rosales Aranda bond due to his having multiple misdemeanors on his record. *Id.* Rosales Aranda's appeal of the bond denial remains pending before the Board of Immigration Appeals. *Id.*

On August 17, 2026, Rosales Aranda brought a habeas corpus petition, challenging the bond denial under the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Rosales Aranda argues that the Government violated due process by failing to provide him with a proper bond hearing before an immigration judge. *See* [Dkt. 1]. Rosales Aranda's due-process argument is not based on the illegality of his confinement itself, but on the deficiency of the Government's bond hearing determination. *See id.* Accordingly, Rosales Aranda's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Rosales Aranda's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even when an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Rosales Aranda's release from custody, his claim that his hearing was deficient does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. Accordingly, a habeas proceeding is not the proper arena for Rosales Aranda to raise

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

a due-process challenge to the Government's alleged failure to afford him a proper bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Rosales Aranda's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. Any and all pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 18th day of September, 2026.**

Michael J. Truncale
United States District Judge